UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Cory Sharp,<br>    Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC,<br>Experian Information Solutions, Inc.,<br>Trans Union, LLC,<br>IQ Data International, Inc., and<br>Columbia Debt Recovery, LLC, a/k/a<br>Genesis Credit Management, LLC,<br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES the Plaintiff, CORY SHARP, by and through his counsel, and for his Complaint pleads as follows:

### JURISDICTION

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

### VENUE

3. The transactions and occurrences which give rise to this action occurred in Houston, Texas.

4. Venue is proper in the Southern District of Texas.

### PARTIES

5. Plaintiff is a natural person residing in Houston, Texas.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of Texas;

    b. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Texas;

    c. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Texas;

    d. IQ Data International, Inc. ("IQ Data") is a foreign corporation that conducts business in the State of Texas; and

    e. Columbia Debt Recovery, LLC a/k/a Genesis Credit Management, LLC ("Columbia") is a is a foreign limited liability company that conducts business in the State of Texas.

## GENERAL ALLEGATIONS

7. IQ Data's tradeline and Columbia's tradeline ("Bogus Tradelines") are fraudulently reporting in Plaintiff's Equifax, Experian and Trans Union (collectively, "the CRAs") credit files.

8. The accounts reflected by the Bogus Tradelines do not belong to Plaintiff as he is a victim of identity theft.

9. On or about May 24, 2024, Plaintiff filed a police report with the Harris County Sheriff's Office stating that he is a victim of identity theft, that he lost his

wallet in April 2021 and that he has had to dispute items on his credit report ever since.

10. On or about June 21, 2024, Plaintiff sent letters to the CRAs disputing the Bogus Tradelines.

11. In the dispute letters, Plaintiff explained that the accounts reflected by the Bogus Tradelines are fraudulent and do not belong to him as he is a victim of identity theft. He attached a copy of the police report to verify the same and requested that the Bogus Tradelines be deleted.

12. The CRAs received the dispute letters and forwarded Plaintiff's disputes to IQ Data and Columbia.

13. IQ Data and Columbia received Plaintiff's disputes from the CRAs.

14. On or about September 10, 2024, after not receiving dispute results from Experian, Plaintiff obtained his credit disclosure from Experian, which showed that Experian, IQ Data and Columbia failed or refused to delete the Bogus Tradelines from Plaintiff's credit file.

15. On or about September 14, 2024, after not receiving dispute results from Trans Union, Plaintiff obtained his credit disclosure from Trans Union, which showed that Trans Union and Columbia failed or refused to delete the Columbia Bogus Tradeline from Plaintiff's credit file.

16. On or about September 17, 2024, after not receiving dispute results from Equifax, Plaintiff obtained his credit disclosure from Equifax, which showed

that Equifax, IQ Data and Columbia failed or refused to delete the Bogus Tradelines from Plaintiff's credit file.

17. The Bogus Tradelines are false and misleading. They are also driving Plaintiff's credit score down making it harder for him to obtain jobs, housing, and meet living expenses.

18. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has experienced undue stress, anxiety, frustration and other forms of emotional distress due to Defendants' failures to correct the errors in his credit file and his inability to improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA. The Bogus Tradelines have diminished Plaintiff's creditworthiness and credit scores. Plaintiff has also suffered physical harms, including loss of sleep and stress headaches as a result of Defendants' failure to remove the Bogus Tradelines.

### COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY IQ DATA

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed of Plaintiff's disputes of the IQ Data Bogus Tradeline, IQ Data negligently failed to conduct a proper investigation of Plaintiff's disputes as required by 15 U.S.C. § 1681s-2(b).

4

21. IQ Data negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct the CRAs to delete the IQ Data Bogus Tradeline.

22. The IQ Data Bogus Tradeline is inaccurate and creates a misleading impression in Plaintiff's credit files to which it is reporting such tradeline.

23. As a direct and proximate cause of IQ Data's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

24. IQ Data is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

25. Plaintiff has a private right of action to assert claims against IQ Data arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against IQ Data for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY IQ DATA

26. Plaintiff re-alleges the above paragraphs as if recited verbatim.

27. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, IQ Data willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct the CRAs to delete the IQ Data Bogus Tradeline.

28. IQ Data willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

29. As a direct and proximate cause of IQ Data's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

30. IQ Data is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against IQ Data for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COLUMBIA

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. After being informed of Plaintiff's disputes of the Columbia Bogus Tradeline, Columbia negligently failed to conduct a proper investigation of Plaintiff's disputes as required by 15 U.S.C. § 1681s-2(b).

33. Columbia negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct the CRAs to delete the Columbia Bogus Tradeline.

34. The Columbia Bogus Tradeline is inaccurate and creates a misleading impression in Plaintiff's credit files to which it is reporting such tradeline.

35. As a direct and proximate cause of Columbia's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

36. Columbia is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

37. Plaintiff has a private right of action to assert claims against Columbia arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Columbia for damages, costs, interest, and attorneys' fees.

### COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COLUMBIA

38. Plaintiff re-alleges the above paragraphs as if recited verbatim.

39. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Columbia willfully failed to conduct a proper reinvestigation of Plaintiff's disputes and willfully failed to direct the CRAs to delete the Columbia Bogus Tradeline.

40. Columbia willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

41. As a direct and proximate cause of Columbia's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

42. Columbia is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Columbia for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT V - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

43. Plaintiff re-alleges the above paragraphs as if recited verbatim.

44. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

45. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

46. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

47. After receiving Plaintiff's dispute of the Bogus Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

48. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

49. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT VI - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

50. Plaintiff realleges the above paragraphs as if recited verbatim.

51. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

52. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

53. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

54. After receiving Plaintiff's dispute of the Bogus Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

55. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

56. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

**COUNT VII - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

57. Plaintiff re-alleges the above paragraphs as if recited verbatim.

58. Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

59. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

60. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

61. After receiving Plaintiff's dispute of the Bogus Tradelines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

62. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

63. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

64. Plaintiff realleges the above paragraphs as if recited verbatim.

65. Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

66. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

...

67. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

68. After receiving Plaintiff's dispute of the Bogus Tradelines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

69. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

70. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

71. Plaintiff re-alleges the above paragraphs as if recited verbatim.

72. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

73. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

74. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

75. After receiving Plaintiff's dispute of the Bogus Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

76. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

77. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

**COUNT X - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

78. Plaintiff realleges the above paragraphs as if recited verbatim.

79. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

80. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

81. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

82. After receiving Plaintiff's dispute to the Bogus Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

83. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

84. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: December 14, 2024

/s/ Cy T. Hainey
Cy T. Hainey, Esq.
State Bar No. 030634
Southern Dist. of Texas No. 3759651
7600 N. 15th St., Ste. 150
Phoenix, AZ 85020
Telephone: (602) 466-9631
cy@hilltoplawfirm.com
Attorney for Plaintiff